89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Ronald CASSIDENTO, Plaintiff-Appellant,
v.
Harry HAMMER, Arnold Aaronson, Larry Meachum, Al McGrail,
Dominic Galuzzo, Michael DiLullo, Aaron Ment,
Defendants-Appellees.
 No. 95-7436.
 United States Court of Appeals, Second Circuit.
 Nov. 21, 1995.
 
 1
 Appeal from the United States District Court for the District of Connecticut. (Alfred V. Covello, Judge).
 
 
 2
 APPEARING FOR APPELLANT: RONALD CASSIDENTO, New Hartford, Connecticut, pro se.
 
 
 3
 APPEARING FOR APPELLEES: HENRY S. COHN, Assistant Attorney General of the State of Connecticut, Hartford, Connecticut, for Defendants-Appellees Henry Hammer, Arnold Aaronson, and Aaron Ment.
 
 
 4
 STEPHEN R. SARNOSKI, Assistant Attorney General of the State of Connecticut, Hartford, Connecticut, for Defendants-Appellees Larry Meachum, Dominic Galluzzo, and Michael DiLullo.
 
 
 5
 LOUIS B. BLUMENFELD, Cooney, Scully and Dowling, Hartford, Connecticut, for Defendant-Appellee Al McGrail.
 
 
 6
 D.Conn.
 
 
 7
 AFFIRMED.
 
 
 8
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued.
 
 
 9
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 10
 Plaintiff-appellant Ronald Cassidento, pro se, appeals from a judgment entered April 4, 1995 in the United States District Court for the District of Connecticut that granted defendants-appellees' motions to dismiss and for summary judgment on Cassidento's civil rights claims asserted under 42 U.S.C. §§ 1983, 1985, and 1988. Cassidento alleges that defendants conspired to deprive him of his rights under the Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. We affirm substantially for the reasons set forth in the district court's order granting the motion of defendants-appellees Hammer, Aaronson, McGrail, and Ment to dismiss, Cassidento v. Hammer, No. 3:94cv454 (AVC) (D.Conn. Mar. 31, 1995), and the district court's order granting the motion of defendants-appellees Meachum, Galluzzo, and DiLullo for summary judgment. Cassidento v. Hammer, No. 3:94cv454 (AVC) (D.Conn. Mar. 31, 1995). We add only that McGrail, in his capacity as a court-appointed attorney, did not act "under color of state law" within the meaning of § 1983. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981).